*W. M. Beckner, for appellants. J. & J. W. Rodman, for appellees.*

---

ELIZABETH STETSON *v.* ANCIENT ORDER OF UNITED WORKMEN.

**Forfeiture of Death Benefits.**

 Where a member of the Ancient Order of United Workmen is suspended in accordance with the usages and customs of the order for failure to pay his dues, and after notice fails to contribute to discharge the benefits resulting to others, neither he nor those claiming under him have any right to complain.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

January 10, 1879.

OPINION BY JUDGE PRYOR:

If a member of the order is to be suspended or expelled for the nonpayment of assessments made upon him by the vote of a majority of the members, such a conclusion is alone to be arrived at by implication. There is no section or provision of the charter or by-laws of the organization prescribing the action to be taken by the lodge in such a case. It is evident that the lodge must act upon the question in some way, and that the suspension must be made during the session of the lodge; whether by the mere announcement of the presiding officer, or by the vote of the lodge, in the absence of any fixed rule on the subject, it seems to us is immaterial.

By Sec. 2 of Art. 11 of the organic law of the body, a member in

default by reason of the nonpayment of his assessment is not a member in good standing, and when this default exists, the member having notice of his delinquency and being presumed to know the nature of the law by which he is governed, it may be of itself sufficient to forfeit all right to the benefits of the order. Whether so or not, the fact that the deceased was in default and was so notified time and again by those in authority is not controverted, and in open lodge, with the members present, this default on his part was announced by the presiding officer, and his suspension as a member ordered and entered on the minutes of the proceedings without objection. This was equivalent to a unanimous vote on the subject, and in the absence of any definite mode of proceeding in such a case, regulated by the law of the order, it appears was in accordance with the usages and customs of the order with reference to this question. Failing to contribute after notice to discharge the benefits resulting to others he nor those claiming under him have any right to complain, and this court will not adopt a regulation for the order that is shown to be contrary to its mode of proceeding, by implying that a vote should have been actually taken, because a vote is required where a member is suspended or expelled for other reasons than for the nonpayment of dues.

The judgment below is *affirmed.*

*William Mix,* for appellant.

*Kinney, Bernard & Canup,* for appellees.